154 So. 599

## McGILVRAY v. STATE.

### 4 Div. 990.

Court of Appeals of Alabama.
Nov. 21, 1933.

Rehearing Denied Jan. 9, 1934.

Further Rehearing Denied April 17, 1934.

T. M. Patterson, of Clayton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was indicted charged with the offense of embezzlement. He was tried and convicted as charged, and from the judgment of conviction this appeal was taken.

Appellant first insists that "defendant's demurrers should have been sustained." From the record it is ascertained that certain demurrers were "filed," touching the sufficiency of the indictment; but there is nothing in the record to show that the demurrers were insisted upon or brought to the attention of the court. In the record proper no ruling by the court on the demurrers is shown and no judgment thereon rendered by the court. The judgment entry recites: " * * * Comes the defendant in his own proper person and by attorney and upon being arraigned in open court upon said indictment for his plea thereto says, 'Not Guilty.' "

The trial court may not be put in error in the absence of some erroneous action or ruling injurious to the substantial rights of the accused, and the burden rests upon appellant to present questions of this character in a proper and legal manner in order to obtain a review upon appeal. Appellant's insistence in this connection therefore cannot be sustained as no action or ruling at nisi prius is presented. Moreover, it would appear that the indictment was sufficient under the provisions of section 4529 of the Code 1923.

The offense complained of in the indictment that appellant, as an officer of the city of Eufaula, a municipal corporation, namely, marshal or chief of police of said municipal corporation, did embezzle or fraudulently convert to his own use, money to about the amount of $40 belonging to said city of Eufaula, said money having come into his possession by virtue of his office as marshal or chief of police of the city of Eufaula, etc.

It was shown that appellant was the marshal or chief of police of said city for several years and that he resigned or went out of office on April, 1932. On cross-examination of state witness Lee J. Clayton, the mayor, appellant propounded the following question: "He (defendant) made you a good officer, didn't he?" The court sustained the state's objection to this question and defendant reserved an exception. This exception is not well taken, the question called for evidence wholly immaterial to the issues involved and the court properly so ruled. The same applies to the ruling of the court in sustaining the state's objection to the question propounded to state witness Clayton, to wit, "Whose duty was it to see that he was bonded?"

Other rulings of the court upon the admission of evidence clearly appear to be without prejudicial error.

122

■ The evidence was in conflict and presented a jury question. Charge 3 was therefore properly refused.

The remaining charges refused to defendant were fairly and substantially covered by the court's oral charge. Finding no reversible error, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.

### On Rehearing.

■ The court of its own motion ordered this case restored to the rehearing docket for the purpose of considering further the exceptions reserved by defendant in connection with the action of the trial judge, and of the prosecuting attorney, in reading to the jury sections 3961 and 3974 of the Code 1923. The contention is, that appellant was indicted under section 3960 of the Code 1923 and that the sections, supra, are without applicability.

There can be no question or doubt, that the indictment in this case was drawn in accord with section 4529 of the Code 1923, and that the offense as charged therein enabled the accused to understand and to know what offense he was charged with and was called upon to answer. The three Code sections, supra, 3960, 3961, and 3974, all deal with the same subject, that is to say, to the crime of embezzlement, and we are of the opinion that a conviction could be had upon the charge as contained in this indictment under either or all of the sections of the Code to which reference herein has been made. This being true, the exceptions noted and presented can avail the appellant nothing, as no injury could have inured as a result of the action of the court and the prosecuting attorney in having read sections 3961 and 3974 to the jury.

The application for rehearing is overruled.